UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JP MORGAN CHASE BANK,

        Plaintiff,

  v.

CEDRIC V. PETERSON,

        Defendant.

NO. CIV. S 04-2492 MCE GGH

MEMORANDUM AND ORDER

----oo0oo----

Federal Plaintiff JP Morgan Chase Bank ("Plaintiff") has asked this Court to remand the present action to state court. For the reasons set forth below, Plaintiff's motion is GRANTED.[1]

**BACKGROUND**

The dispute in this case arises out of the ownership and

---

[1] Because oral argument would not be of material assistance, the Court orders this matter to be submitted on the briefing. L.R. 78-230(h).

1

retention of a single family residence located at 8675 Elm Avenue, Orangevale, CA 95662 (hereinafter the "Property"). In August 2001, Defendant Cedric V. Peterson ("Defendant") executed a promissory note and deed of trust to secure a loan on the Property. (Compl. at ¶ 5.) Plaintiff was the named beneficiary under the deed of trust. (Mot. to Remand at 2:9.) Because Defendant defaulted on his obligations under the deed of trust, a non-judicial trustee's sale was held on April 10, 2003, and the Property was sold. (Mot. to Remand at 2:10-12.) Plaintiff obtained the trustee's deed from the sale, which duly perfected title of the property. (Compl. at ¶ 8.)

After the trustee's sale, Defendant, proceeding *pro se*, brought suit against Plaintiff seeking to, *inter alia*, (1) set aside the trustee sale, (2) cancel the trustee's deed, and (3) quiet title. (Pl.'s Req. for Jud. Notice, Ex. A.) In response, Plaintiff filed a motion for summary judgment. The Sacramento Superior Court granted Plaintiff's motion, entered judgment in favor of Plaintiff, and dismissed Defendant's complaint. (Pl.'s Req for Jud. Notice, Ex. B.)

On October 6, 2004, Plaintiff filed an unlawful detainer action against Defendant in the Sacramento Superior Court. (Pl.s Req for Jud. Notice, Ex. C.) On November 22, 2004, Defendant removed the case to federal court. (Not. of Removal at 1.)

In response to Defendant's removal, Plaintiff filed a motion to remand on December 17, 2004, which was renewed on March 18,

2005.[2]  Plaintiff contends remand is appropriate because (1) Defendant's removal was procedurally defective and (2) original jurisdiction did not exist at the time of removal.  Plaintiff has also asked the Court to impose sanctions on Defendant pursuant to 28 U.S.C. § 1447(c).  Defendant failed to oppose Plaintiff's motion to remand.

**STANDARD**

After removal to federal court, a party can remand the case to state court under 28 U.S.C. § 1447(c) for lack of federal jurisdiction or for procedural defects. 28 U.S.C. § 1447(c) (2000); Johnson v. Circuit City Stores, Inc., 71 F.Supp.2d 1026, 1028 (N.D. Cal. 1999); Burnette v. Godshall, 828 F.Supp. 1439, 1444 (N.D. Cal. 1993); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)(noting that the removal statute is strictly construed against allowing removal).

If a court decides remand is appropriate, it "may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal."  28 U.S.C. § 1447(c) (2000).

//
//
//

---

[2] Because Plaintiff's original motion to remand (filed on December 17, 2004) is effective, the Court finds that Plaintiff has complied with 28 U.S.C. § 1447(c), which requires that a motion to remand for procedural defects be filed within 30 days after the filing of the notice of removal.

3

**ANALYSIS**

Under 28 U.S.C. § 1441(b), an action may not be removed pursuant to diversity jurisdiction if any of the defendants, at the time of removal, are a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b) (2000); <u>Spencer v. U.S. D. for N.D. of Cal.</u>, 393 F.3d 867, 870 (9th Cir. 2004).

The Court finds that removal was improper under 28 U.S.C. § 1441(b) because at the time of removal Defendant was a citizen of the state in which the action was brought. Defendant's notice of removal demonstrates that (1) Defendant was domiciled in California at the time of removal and (2) Plaintiff's unlawful detainer action was brought in California. (Def.'s Not. of Rem. at 1:6-7, 2:11-12.)

In addition to the aforementioned procedural defect, the Court did not have original jurisdiction at the time of removal as required by 28 U.S.C. § 1441(a). Although Defendant alleged that diversity jurisdiction existed at the time of removal, the amount in controversy did not exceed $75,000 as required by 28 U.S.C. § 1332(a).

Under California law, in an action for unlawful detainer the sole issue before the Court is the right to possession. <u>Hudec v. Roberts</u>, 210 Cal. App. 3d 1156, 1163 (1989); <u>Vasey v. Cal. Dance Comp.</u>, 70 Cal. App. 3d 742, 746-747 (1977). In such an action, only damages that "result from the unlawful detention and accrue during that time" are allowed. <u>Hudec</u>, 210 Cal. App. 3d at 1163 (quotations and citations omitted). In the present unlawful detainer action, the damages do not exceed $10,000, let alone the

requisite $75,000 for diversity jurisdiction.  (Pl.'s Compl. for Unlawful Detainer at 1.)  Because the amount in controversy does not meet the statutory minimum, original jurisdiction did not exist at the time of removal and removal was, therefore, improper.  For these reasons, Plaintiff's motion to remand is granted.

With regard to sanctions against Defendant under 28 U.S.C. § 1447(c), it is clear that removal was improper as a matter of law.  However, the Court takes notice that Defendant is proceeding *pro se* in this matter and may not be versed in federal civil procedure.  Based on these considerations, the Court finds that Defendant must pay $150.00 to Plaintiff as reimbursement for the filing fee on this motion.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

**CONCLUSION**

For the aforementioned reasons, Plaintiff's motion to remand is GRANTED. Further, Defendant is ordered to pay Plaintiff $150.00 as reimbursement for the filing fee on this motion.

IT IS SO ORDERED.

DATED: April 27, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE